

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 9, 1948

Hon. Nathan M. Holt
County Attorney
Panola County
Carthage, Texas

Opinion No. V-658

Re: The legality of paying
to the surviving widow
of a County Commission-
er the salary which he
could have earned dur-
ing the remainder of
his term of office.

Dear Sir:

Reference is made to your recent request which
reads, in part, as follows:

"This office has been requested to ren-
der an opinion on the question of payments to
a surviving widow of the remainder of the sal-
ary that could have been earned by a Commis-
sioner of this County during the remainder of
his term of office."

In your brief which was appended to the re-
quest and which concluded that your question should be
answered in the negative, you submitted the following
facts:

"J. K. Holt, commissioner of Prct.2,
Panola County, Texas, died July 1, 1948.
His surviving widow, Mrs. Etta Finklea Holt,
now demands that she be paid in a lump sum
an amount equivalent to the salary that
would have been earned by her husband for
the remainder of his term in office. His
salary was $300.00 per month. The Commis-
sioners' Court, being in sympathy with the
widow, now desires to pay the amount, and
has passed an order that this amount be paid
out of the General Fund. The Commissioners'
salaries are paid out of the Road and Bridge
fund in this county as the necessary trans-
fers to effect same were made at the begin-
ning of the year."

In the case of Galveston H. & S.A. Ry. v. Uvalde County, 167 S.W.(2d) (Civ.App., 1942, error refused) the court said:

"The Commissioners' Court of a county has only such powers as are expressly or by necessary implication given it by the Constitution and statutes of this State."

We have not found any provision in the Constitution or any statute which authorizes Commissioners' Courts to make such a payment.  On the contrary, Section 52 of Article III of the State Constitution provides, in part:

"The Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever . . .

Since the payment in question would only be a gift and not in payment for services rendered by the claimant, and in view of the foregoing, it is our opinion that you are correct in your conclusion that the Commissioners' Court may not pay to the surviving widow of a deceased County Commissioner the remainder of the salary that could have been earned by such County Commissioner during the remainder of his term of office.

## SUMMARY

The Commissioners' Court may not pay to the surviving widow of a deceased County Commissioner the remainder of the salary that could have been earned by such County Commissioner during the remainder of his term of office had he lived.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED:

Price Daniel
ATTORNEY GENERAL

By Bruce Allen
Bruce Allen
Assistant

BA:b:mw